Lee A. Cirsch (SBN 227668)
Lee.Cirsch@capstonelawyers.com
Robert K. Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:   (310) 943-0396

Attorneys for Plaintiff
Melissa Cuevas

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| MELISSA CUEVAS, individually, and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br><br>        v.<br><br>TOPCO ASSOCIATES, LLC, a Delaware limited liability corporation,<br><br>        Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1)  Violations of California's Consumers Legal Remedies Act<br>(2)  Violation of Unfair Competition Law, California Business & Professions Code § 17200 *et seq*.<br>(3)  Violation of False Advertising Law, California Business & Professions Code § 17500<br><br>**DEMAND FOR JURY TRIAL** |

1

## **INTRODUCTION**

2    1.    Plaintiff Melissa Cuevas ("Plaintiff") brings this action for herself

3    and on behalf of all persons in the United States who, at any time since four

4    years prior to the filing of this complaint, purchased any Full Circle

5    "Almondmilk" beverage ("Almond Beverages")[1] manufactured, marketed,

6    distributed, and sold by TopCo Associates, LLC ("TopCo" or "Defendant").

7    2.    This case arises out of the false, misleading, and deceptive

8    marketing practices of Defendant's Full Circle "Almondmilk" products.

9    Defendant has deceptively informed and led its customers to believe that they

10   were purchasing, for a premium price, a dairy milk alternative that is

11   nutritionally equivalent, and even superior, to dairy milk, as defined by the U.S.

12   Food & Drug Administration (the "FDA")[2].  However, as discussed in detail

13   below, Defendant's Almond Beverages significantly lack many of the essential

14   nutrients and vitamins provided in dairy milk, which Defendant fails to disclose

15   to and actively conceals from consumers.

16   3.    Consumer demand for non-dairy milks ("milk substitutes") has

17   exponentially increased over the past decade.  In fact, almond-based milk

18   substitutes, including the Almond Beverages, experienced a 40% increase in

19   sales between 2013 and 2014 alone, while dairy milk sales have steadily

20

21   [1] On information and belief, the Almond Beverages include, without limitation, the

22   following: Full Circle Plain Almondmilk, Full Circle Vanilla Almondmilk, Full Circle
     Unsweetened Almondmilk, and Full Circle Unsweetened Vanilla Almondmilk.  *See*

23   http://fullcirclefoods.com/fc_products/milk/.

24   [2] "Milk is the lacteal secretion, practically free from colostrum, obtained by the
     complete milking of one or more healthy cows. Milk that is in final package form for beverage

25   use shall have been pasteurized or ultrapasteurized, and shall contain not less than 8 1/4
     percent milk solids not fat and not less than 3 1/4 percent milkfat. Milk may have been

26   adjusted by separating part of the milkfat therefrom, or by adding thereto cream, concentrated
     milk, dry whole milk, skim milk, concentrated skim milk, or nonfat dry milk. Milk may be

27   homogenized." *See* 21 CFR § 131.110.

28

CLASS ACTION COMPLAINT

declined.[3]  By calling its Almond Beverages "milk", a term historically used to define cow's milk, Defendant has capitalized on reasonable consumers' understanding of the well-known health benefits and essential nutrients[4] that dairy milk provides without actually providing those health benefits and essential nutrients.  For example, Defendant's official website specifically touts its Almond Beverages as containing equally high levels of calcium as dairy milk:

> "**Quality, calcium-rich milk does not come from cows alone**.  Full Circle Market offers tasty alternatives made from coconuts and almonds in addition to an array of organic dairy-based choices."[5]

4.    However, as depicted in the table below, Defendant's Full Circle Original Unsweetened "Almondmilk" contains approximately **67% less calcium** than non-fat dairy milk.[6]  Further, Full Circle Original Unsweetened "Almondmilk" contains **90% less protein, 85% less potassium, and 57% less magnesium** than non-fat dairy milk.

//

//

---

[3] http://www.sacbee.com/news/local/health-and-medicine/article31689980.html.

[4] "Dairy foods are excellent sources of nutrients of public health concern, including **Vitamin D, calcium, and potassium**.  Consumption of dairy foods provides numerous health benefits including lower risk of diabetes, metabolic syndrome, cardiovascular disease and obesity. […] on average across the calorie levels, **dairy foods contribute about 67 percent of calcium, 64 percent of Vitamin D, and 17 percent of magnesium**." *Scientific Report of the 2015 Dietary Guidelines Advisory Committee*, Part D. Chapter 1, Page 31, Advisory Report to the Secretary of Health and Human Services and the Secretary of Agriculture, February 2015, *available at* https://health.gov/dietaryguidelines/2015-scientific-report/pdfs/scientific-report-of-the-2015-dietary-guidelines-advisory-committee.pdf. (emphasis added).

[5] Full Circle Foods, *Milk*, http://fullcirclefoods.com/fc_products/milk/ (last visited Feb. 28, 2017)(emphasis added).

[6] 1 cup of nonfat (skim) dairy milk contains 30% DV calcium versus 1 cup of Full Circle Original Unsweetened "Almondmilk" contains 10% calcium. *See* National Nutrient Database for U.S. Dept. of Agriculture, Release 28 (May 2016), *available at* https://ndb.nal.usda.gov/ndb/.

CLASS ACTION COMPLAINT

5.    Additionally, Defendant's Almond Beverages many other essential vitamins and nutrients, as defined by the FDA, available in measurable amounts in non-fat dairy milk:

| ESSENTIAL VITAMIN/NUTRIENT | NON-FAT DAIRY MILK (serving size 1 cup)[7] | FULL CIRCLE "ALMONDMILK" (serving size 1 cup) |
|---|---|---|
| PROTEIN | 10g (20% DRV[8]) | 1g (2% DRV) |
| MAGNESIUM | 39mg (10% RDI[9]) | (4% RDI) |
| PHOSPHORUS | 276mg (20% RDI) | (4% RDI) |
| POTASSIUM | 448mg (10% DRV) | 65mg (2% DRV) |
| ZINC | 1.11mg (10% RDI) | 0.18mg (1% RDI)* |
| VITAMIN C | 3mg (4% RDI) | 0mg (0% RDI) |
| RIBOFLAVIN | .477mg (40% RDI) | (2% RDI) |
| PANTOTHENIC ACID | .925mg (20% RDI) | .079mg (1% RDI)* |
| VITAMIN B6 | .123mg (8% RDI) | .039mg (2% RDI)* |
| FOLATE | 15ug (4% RDI) | 3ug (<1% RDI)* |
| VITAMIN A | 150ug (15% RDI) | (10% RDI) |

*Nutritional values not provided on Defendant's Almond Beverage labels. *See All Nutrients, Beverages, almond milk, unsweetened*, USDA National Nutrient Database for Standard Reference, Release 28 (May 2016), available at https://ndb.nal.usda.gov/ndb/.

---

[7] *All Nutrients Milk, nonfat, fluid, protein fortified, with added vitamin A and vitamin D*, USDA National Nutrient Database for Standard Reference, Release 28 (May 2016), available at https://ndb.nal.usda.gov/ndb/.

[8] Daily Reference Value, *See* National Nutrient Database for U.S. Dept. of Agriculture, Release 28 (May 2016), *available at* https://ndb.nal.usda.gov/ndb/.

[9] Reference Daily Intake, *See* National Nutrient Database for U.S. Dept. of Agriculture, Release 28 (May 2016), *available at* https://ndb.nal.usda.gov/ndb/.

6.      Further, Defendant fails to label its Almond Beverages as "imitation milk", as mandated by the FDA.  The FDA requires products to be labeled "imitation" if there is *any* reduction in the content of essential nutrients present in a measurable amount in the standardized food for which the product is substituting.  Thus, the Almond Beverages **must** be labeled "imitation milk" because they are, in fact, nutritionally inferior to dairy milk due to the reduction in the content of several essential nutrients present in a measurable amount in dairy milk, as identified above and throughout this complaint.

7.      Moreover, because Defendant utilizes the common or usual name of a food (i.e. "milk"), the label must "include the percentage(s) of any characterizing ingredient(s) or component(s) when the proportion of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance or when the labeling or the appearance of the food may otherwise create an erroneous impression that such ingredient(s) or component(s) is present in an amount greater than is actually the case." 21 C.F.R. § 102.5(b). As such, Defendant must label its Almond Beverages as "imitation milk", as required by 21 C.F.R. § 101.3(e).

8.      On information and belief, the amount of essential vitamins and nutrients provided by dairy milk has a material bearing on price and consumer acceptance of products attempting to substitute dairy milk.  TopCo has labeled its products to highlight its low calorie and fat content as compared to dairy milk and has been successful in capturing the market share previously attributed to dairy milk due to its omissions regarding the complete nutritional comparison and disclosure of essential nutrients.   By deceiving consumers about the nature, quality, and/or ingredients of its products, TopCo is able to command a premium price, increasing consumers' willingness to pay and reduce the market share of competing products, thereby increasing its own sales and profits.

9.      Reasonable consumers must, and do, rely on TopCo's overall

marketing, including, without limitation, product advertisements, labels, displays, and packaging, in determining whether to purchase its Almond Beverages. As such, reasonable consumers remain unaware that they are not receiving the same levels of essential vitamins and nutrients provided in dairy milk when purchasing Defendant's Almond Beverages to substitute dairy milk.

10. Defendant's deceptive labeling poses a legitimate health concern to consumers. In fact, the 2015 Dietary Guidelines Advisory Committee Report found that in cases where people do not consume dairy, the levels of calcium, magnesium, iron, vitamin A and riboflavin drop below the recommended intake, and intake levels of potassium, vitamin D and choline also drop substantially.[10] While Defendant could fortify its Almond Beverages to contain comparable quantities of the essential vitamins and nutrients contained in dairy milk, it chooses not to do so. Even so, absorption of these vitamins and nutrients is less efficient from plant beverages such as the Almond Beverages.

11. On information and belief, every Almond Beverage at issue in this complaint has the same nutritional content and contains the same deceptive misrepresentations employed by TopCo.

12. If Plaintiff and Class Members knew that the Almond Beverages were nutritionally inferior and lacked the same level of essential vitamins and nutrients as dairy milk, Plaintiff and Class Members would not have purchased the Almond Beverages or would have paid less for them.

13. On information and belief, TopCo knew about and concealed the nutritional inferiority of its Almond Beverages from Plaintiff and Class Members, prior to the time of sale and thereafter.

---

[10] Scientific Report of the 2015 Dietary Guidelines Advisory Committee, Part D. Chapter 1, Advisory Report to the Secretary of Health and Human Services and the Secretary of Agriculture, February 2015, available at https://health.gov/dietaryguidelines/2015-scientific-report/pdfs/scientific-report-of-the-2015-dietary-guidelines-advisory-committee.pdf.

14. By employing the labeling and marketing tactics illustrated above, TopCo intends for consumers to rely on its representations regarding the calorie and fat content of its Almond Beverages rather than the actual values of essential vitamins and nutrients as compared to dairy milk, and hundreds of thousands of reasonable consumers did in fact so rely.

15. Because TopCo will not notify Class Members that the Almond Beverages are in fact nutritionally inferior to dairy milk, Plaintiff and Class Members (as well as members of the general public) remain subject to TopCo's deceptive advertising.

16. As a result of their reliance on Defendant's omissions and mischaracterizations, consumers have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing over-valued Almond Beverages.  Further, as a result of its deceptive marketing and unfair competition with other similar manufacturers and brands, TopCo realized sizable profits.

17. Based on the foregoing, the Almond Beverages are misbranded under Sections 403(a), (c), (f), and (g) of the Food Drug & Cosmetic Act (the "FDCA"), 21 U.S.C. §§ 343(a), (c), (f), and (g).  Further, the Sherman Food, Drug, and Cosmetic Law (the "Sherman Law"), Cal. Health & Safety Code §§ 109875-111915, expressly incorporates the food labeling requirements set forth in the FDCA, and provides that any food is misbranded if its labeling is false or misleading or does not conform to FDCA requirements. See Cal. Health & Safety Code §§ 110100(a), 110660-110805.

18. Thus, the Almond Beverages cannot be legally manufactured, advertised, distributed, or sold in the United States as they are currently labeled. *See* 21 U.S.C. § 331.  In order to comply with federal and state labeling requirements, Defendant must:

a. Revise its Almond Beverages' labels to state, in type of

uniform size and prominence, the word "imitation" and, immediately thereafter, milk; or

b.    Revise its Almond Beverages' labels to state the percentages of characterizing ingredients or information concerning the presence or absence of the ingredients as part of the common or usual name of milk; or

c.    Fortify its Almond Beverages with vitamins and nutrients in an amount equal to or greater than the amount of essential vitamins and nutrients present in dairy milk in measurable amounts; or

d.    Cease utilizing the common or usual name "milk" in the statement of identity of its Almond Beverages.

## PARTIES

### PLAINTIFF MELISSA CUEVAS

19.    Plaintiff Melissa Cuevas is a California citizen who resides in Colton, California.  During the class period alleged herein, and most recently in or around February 2017, Plaintiff purchased Defendant's Almond Beverages, specifically the Full Circle Organic Original "Almond Milk" from Stater Bros. in San Bernardino County.

20.    Plaintiff purchased Defendant's Almond Beverages in reliance on TopCo's marketing of the products including the claims and product information on the packaging and labeling, specifically claims comparing the Almond Beverages' nutritional contents to dairy milk.

21.    In deciding to purchase the Almond Beverages, Plaintiff saw, relied upon, and reasonably believed that the Almond Beverages were nutritionally superior to dairy milk and contained comparable amounts of the essential vitamins and nutrients contained in dairy milk.  Specifically, Plaintiff believed that the Almond Beverages contained comparable amounts of iron, protein,

CLASS ACTION COMPLAINT

vitamin D, and calcium.  Purchasing a nutritionally equal or superior alternative to dairy milk was, and is, important to Plaintiff.  In fact, Defendant's representations and omissions regarding the nutritional contents of the Almond Beverages were material to Plaintiff in her decision to purchase the Almond Beverages.

22.    If Plaintiff had known at the time of purchase that these products were nutritionally inferior to dairy milk, she would have paid less for them and would have considered an alternative dairy milk substitute with nutrients similar to dairy milk.

**DEFENDANT**

23.    Defendant TopCo Associates, LLC is a corporation organized and in existence under the laws of the State of Delaware and is registered to do business in the State of California.  TopCo Associates, LLC's corporate headquarters and principal place of business are located at are located at 150 Northwest Point Boulevard, Elk Grove Village, Illinois 60007.  TopCo Associates, LLC tests, produces, manufactures, markets, distributes, and sells Full Circle "Almondmilk" products nationwide and in California.

24.    At all relevant times, Defendant was and is engaged in the business of marketing, distributing, and selling Full Circle "Almondmilk" products in San Bernardino County and throughout the United States of America.

**JURISDICTION**

25.    This is a class action.

26.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution or laws of the United States and the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) and (6), in that, as to each Class defined herein:

      a.    the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs;

b.    this is a class action involving 100 or more class members; and

c.    this is a class action in which at least one member of the Plaintiff class is a citizen of a State different from at least one Defendant.

27.    The Court has personal jurisdiction over Defendant, which have at least minimum contacts with the State of California because they have conducted business there and have availed themselves of California's markets through the advertising, manufacturing, distribution, and sales of its Almond Beverages.

## VENUE

28.    TopCo Associates, LLC, through its advertising, manufacturing, distribution, and sales of its Almond Beverages, has established sufficient contacts in this district such that personal jurisdiction is appropriate.  Defendant is deemed to reside in this district pursuant to 28 U.S.C. § 1391(a).

29.    Further, Defendant has conducted business here and has availed itself of California's markets through its advertising, manufacturing, distribution, and sales of its Almond Beverages.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

30.    Additionally, Plaintiff Melissa Cuevas's Declaration, as required under California Civil Code section 1780(d), but not pursuant to *Erie* and federal procedural rules, reflects that a substantial part of the events or omissions giving rise to the claims alleged herein occurred, or a substantial part of property that is the subject of this action, is situated in San Bernardino County, California.  It is attached as **Exhibit 1.**

## FACTUAL ALLEGATIONS

31.    Consumer demand for non-dairy milks ("milk substitutes") has exponentially increased over the past decade.  In fact, almond-based milk substitutes, including Defendant's Almond Beverages, experienced a 40%

increase in sales between 2013 and 2014 alone, while dairy milk sales have steadily declined.   By calling its Almond Beverages "milk", a term historically used and understood to define cow's milk, Defendant has capitalized on reasonable consumers' understanding of the well-known health benefits and essential nutrients that dairy milk provides without actually providing those health benefits and essential nutrients.

32.    For the reasons described below and throughout this complaint, the Almond Beverages are misbranded under Sections 403(a), (c), (f), and (g) of the Food Drug & Cosmetic Act (the "FDCA"), 21 U.S.C. §§ 343(a), (c), (f), and (g). Further, the Sherman Food, Drug, and Cosmetic Law (the "Sherman Law"), Cal. Health & Safety Code §§ 109875-111915, expressly incorporates the food labeling requirements set forth in the FDCA, and provides that any food is misbranded if its labeling is false or misleading or does not conform to FDCA requirements. *See* Cal. Health & Safety Code §§ 110100(a), 110660-110805.

33.    Thus, the Almond Beverages cannot be legally manufactured, advertised, distributed, or sold in the United States as they are currently labeled. *See* 21 U.S.C. § 331.

34.    Further, it is a violation of the Sherman Law to advertise any misbranded food, § 110398; to manufacture, sell deliver, hold, or offer for sale any food that is misbranded, § 110760; to misbrand any food, § 110765; or to receive in commerce any food that is misbranded or deliver or proffer it for delivery, § 110770.

**The Almond Beverages Are Nutritionally Inferior to Dairy Milk**

35.    Foods must be labeled "imitation", and are deemed misbranded when they are not, if the food is intended to substitute for and resemble another food but is nutritionally inferior to that food.[11]   A food is nutritionally inferior

_____

[11] *See* 21 C.F.R. 101.3(e).

CLASS ACTION COMPLAINT

when there is "any reduction in the content of an essential nutrient that is present in a measurable amount."[12]  In clarifying this requirement, the FDA has stated "…a new food that resembles a traditional food and is a substitute for the traditional food must be labeled as an imitation if the new food contains less protein or a lesser amount of any essential vitamin or mineral."[13]

36.    Defendant fails to disclose to consumers that its Almond Beverages lack the following essential vitamins and nutrients, as defined by the FDA, available in measurable amounts in fat-free dairy milk:

| ESSENTIAL VITAMIN/NUTRIENT | NON-FAT DAIRY MILK (serving size 1 cup)[14] | FULL CIRCLE ALMONDMILK (serving size 1 cup) |
| --- | --- | --- |
| PROTEIN | 10g (20% DRV[15]) | 1g (2% DRV) |
| MAGNESIUM | 39mg (10% RDI[16]) | (4% RDI) |
| PHOSPHORUS | 276mg (20% RDI) | (4% RDI) |

[12] *See* 21 C.F.R. § 101.3(e)(4)(ii), "For the purpose of this section, a measurable amount of an essential nutrient in a food shall be considered to be 2 percent or more of the Daily Reference Value (DRV) of protein listed under §101.9(c)(7)(iii) and of potassium listed under §101.9(c)(9) per reference amount customarily consumed and 2 percent or more of the Reference Daily Intake (RDI) of any vitamin or mineral listed under §101.9(c)(8)(iv) per reference amount customarily consumed, except that selenium, molybdenum, chromium, and chloride need not be considered."

[13] *Guidance for Industry: A Food Labeling Guide*, available at /Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm2006828.htm#toc (January 2013).

[14] *All Nutrients Milk, nonfat, fluid, protein fortified, with added vitamin A and vitamin D*, USDA National Nutrient Database for Standard Reference, Release 28 (May 2016), available at https://ndb.nal.usda.gov/ndb/.

[15] Daily Reference Value, *See* National Nutrient Database for U.S. Dept. of Agriculture, Release 28 (May 2016), *available at* https://ndb.nal.usda.gov/ndb/.

[16] Reference Daily Intake, *See* National Nutrient Database for U.S. Dept. of Agriculture, Release 28 (May 2016), *available at* https://ndb.nal.usda.gov/ndb/.

| POTASSIUM | 448mg (10% DRV) | 65mg (2% DRV) |
|---|---|---|
| ZINC | 1.11mg (10% RDI) | 0.18mg (1% RDI)* |
| VITAMIN C | 3mg (4% RDI) | 0mg (0% RDI) |
| RIBOFLAVIN | .477mg (40% RDI) | (2% RDI) |
| PANTOTHENIC ACID | .925mg (20% RDI) | .079mg (1% RDI)* |
| VITAMIN B6 | .123mg (8% RDI) | .039mg (2% RDI)* |
| FOLATE | 15ug (4% RDI) | 3ug (<1% RDI)* |
| VITAMIN A | 150ug (15% RDI) | (10% RDI) |

*Nutritional values not provided on Defendant's Almond Beverage labels. *See All Nutrients, Beverages, almond milk, unsweetened*, USDA National Nutrient Database for Standard Reference, Release 28 (May 2016), available at https://ndb.nal.usda.gov/ndb/.

37.    Further, Defendant fails to label its Almond Beverages as "imitation milk", as required by the FDA, which requires products to be labeled "imitation" if there is any reduction in the content of essential nutrients present in a measurable amount in the standardized food for which the product is substituting.  Thus, Almond Beverages must be labeled "imitation milk" because they are, in fact, nutritionally inferior to dairy milk due to their reduction in the content of essential nutrients present in a measurable amount in dairy milk, as identified above and throughout this complaint.

38.    Moreover, because Defendant utilizes the common or usual name of a food (i.e. "milk") but fails to reveal the basic nature and characterizing ingredients of the Almond Beverages, in accordance with 21 C.F.R. § 102.5(b), Defendant must label its Almond Beverages as "imitation milk", as required by 21 C.F.R. § 101.3(e).

39.    Because TopCo will not notify Class Members that the Almond

Beverages are in fact nutritionally inferior to dairy milk or label its Almond

Beverages as "imitation milk", Plaintiff and Class Members (as well as members

of the general public) remain subject to TopCo's deceptive advertising and

misrepresentations.

**Defendant Fails to Include All Required Statement of Identity Disclosures**
**Under The "Common or Usual Name" Principle For Its Almond Beverages**

40.     When a product utilizes the "common or usual name of a food", it

must include:

> **"the percentage(s) of any characterizing ingredient(s) or**
> **component(s) when the proportion of such ingredient(s) or**
> **component(s) in the food has a material bearing on price or**
> **consumer acceptance or when the labeling or the appearance of**
> **the food may otherwise create an erroneous impression that**
> **such ingredient(s) or component(s) is present in an amount**
> **greater than is actually the case."[17]**

41.     Here, by calling its Almond Beverages "milk", a term defined by the

FDA specifically in reference to cow's milk, Defendant has capitalized on

reasonable consumers' understanding of the well-known health benefits and

essential nutrients  that dairy milk provides without actually providing those

health benefits and essential nutrients.

42.     Further, the FDA relaxed its statement of identity standards in the

early 1990s due to concerns regarding lack of innovation in food development

and attention to healthier alternatives to standardized foods.  At that time, a

manufacturer could not use the name of a standardized food unless the substitute

food contained the "characterizing ingredient" of the food.  In allowing for the

"common or usual name" standard, the FDA and the FTC specifically addressed

concerns over consumer deception.  In doing so, the agencies heavily relied on

the existence of false advertising and consumer protection laws to address

---

[17] 21 C.F.R. § 102.5(b). (emphasis added).

consumer deception in situations where manufacturers attempt to abuse the standard and provide nutritionally inferior products while commanding a premium price.  The relaxed standard of identity requirements was intended to promote healthier alternatives to standardized food by providing more nutritional value, not less, as is the case with the Almond Beverages.

43.    By employing the labeling and marketing tactics illustrated above, TopCo intends for consumers to rely on its representations regarding the calorie and fat content of its Almond Beverages rather than the actual values of essential vitamins and nutrients and the characterizing ingredients as compared to dairy milk, and thousands of reasonable consumers did in fact so rely.  Because TopCo will not notify Class Members that the Almond Beverages are nutritionally inferior to dairy milk, Plaintiff and Class Members (as well as members of the general public) remain subject to TopCo's deceptive advertising.  Further, because TopCo will not notify Class Members of the percentage of the characterizing ingredients of its Almond Beverages in comparison to common "milk" or list its Almond Beverages as "imitation milk", Plaintiff and Class Members remain subject to TopCo's deceptive and unlawful advertising.

44.    If Plaintiff and Class Members knew that the Almond Beverages were nutritionally inferior and lacked the same level of essential vitamins and nutrients as dairy milk, Plaintiff and Class Members would not have purchased the Almond Beverages or would have paid less for them.

45.    TopCo knows, or should reasonably know, that consumers purchase its products to substitute for common dairy milk and knows that consumers will pay a premium for these products or would not purchase these products at all unless they contained equal or greater amounts of essential vitamins and nutrients provided in dairy milk.

46.    As a result of their reliance on Defendant's representations, consumers have suffered an ascertainable loss of money, including, but not

CLASS ACTION COMPLAINT

limited to, out of pocket costs incurred in purchasing over-valued Almond Beverages.  Further, as a result of its deceptive marketing and unfair competition with other similar manufacturers and brands, TopCo realized sizable profits.

47.    As the intended, direct, and proximate result of TopCo's false, misleading, and deceptive representations and omissions, TopCo has been unjustly enriched through more sales of Almond Beverages and higher profits at the expense of Plaintiff and the Class members.

## CLASS ALLEGATIONS

48.    Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated as members of the proposed Class pursuant to pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and 23(c)(4). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

49.    The Class and Sub Class(es) are defined as:

> **Nationwide Class**:  All individuals in the United States who purchased any Full Circle "Almondmilk" product between four years prior to the filing of this complaint until the date of certification (the "Nationwide Class" or "Class").

> **California Sub-Class**: All members of the Nationwide Class who reside in the State of California (the "California Sub-Class").

> **CLRA Sub-Class**: All members of the California Sub-Class who are "consumers" within the meaning of California Civil Code § 1761(d) (the "CLRA Sub-Class").

50.    Excluded from the Class and Sub-Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3) any Judge sitting in the presiding state and/or federal court system who may hear an appeal of any judgment entered; and (4) those persons who have suffered personal injuries as a

result of the facts alleged herein.  Plaintiff reserves the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that the Class and Sub-Class should be expanded or otherwise modified.

51.    <u>Numerosity</u>:  Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

52.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class Members, purchased Full Circle "Almondmilk" products and were subjected to the same deceptive advertising practices by Defendant since four years prior to the filing of this complaint.  The representative Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that they incurred expenses due to their reliance on Defendant's deceptive representations and omissions regarding its Almond Beverages, as described throughout this complaint.   Furthermore, the factual bases of Defendant's misconduct are common to all Class Members and represent a common thread resulting in injury to all Class Members.

53.    <u>Commonality</u>:  There are numerous questions of law and fact common to Plaintiff and the Class that predominate over any question affecting only individual Class Members.  These common legal and factual issues include the following:

        a.    Whether TopCo misrepresented and/or failed to disclose material facts concerning the Almond Beverages;

        b.    Whether the Almond Beverages are misbranded under federal and state laws;

        c.    Whether the Almond Beverages are nutritionally inferior to

dairy milk;

d. Whether TopCo's conduct was unfair and/or deceptive;

e. Whether TopCo has a duty to disclose the true nature of its Almond Beverages' ingredients;

f. Whether Plaintiff and other Class Members are entitled to equitable relief, including but not limited to a preliminary and/or permanent injunction;

g. Whether Plaintiff and other Class Members are entitled to damages;

h. Whether Defendant knew or reasonably should have known of its deceptive representations and omissions relating to its Almond Beverages' ingredients; and

i. Whether Defendant is obligated to inform Class Members of their right to seek reimbursement for having paid for Almond Beverages in reliance on Defendant's misrepresentations.

54.    <u>Adequate Representation</u>:  Plaintiff will fairly and adequately protect the interests of the Class Members.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

55.    <u>Predominance and Superiority</u>:  Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.  Absent a class action, Class Members

1   will continue to incur damages, and Defendant's misconduct will continue

2   without remedy.  Class treatment of common questions of law and fact would

3   also be a superior method to multiple individual actions or piecemeal litigation in

4   that class treatment will conserve the resources of the courts and the litigants,

5   and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

**(Violation of California's Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*,)**

56.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

57.     Plaintiff brings this cause of action on behalf of herself and on behalf of the members of the CLRA Sub-Class.

58.     Defendant is a "person" as defined by California Civil Code § 1761(c).

59.     Plaintiff and CLRA Sub-Class Members are "consumers" within the meaning of California Civil Code § 1761(d) because they bought the Almond Beverages for personal, family, or household purposes.

60.     By failing to disclose and concealing the true and actual nature of the Almond Beverages from Plaintiff and prospective Class Members, Defendant violated California Civil Code § 1770(a), as it represented that the Almond Beverages had characteristics and benefits that they do not have, represented that the Almond Beverages were of a particular standard, quality, or grade when they were of another, and advertised the Almond Beverages with the intent not to sell them as advertised.  *See* Cal. Civ. Code §§ 1770(a)(5)(7) & (9).

61.     Defendant's unfair and deceptive acts or practices occurred repeatedly in Defendant's trade or business and were capable of deceiving a substantial portion of the purchasing public.

62.    Defendant knew the Almond Beverages did not possess the characteristics and benefits as represented and were not of the particular standard, quality or grade as represented.

63.    As a result of their reliance on Defendant's representations and omissions, Class Members suffered an ascertainable loss of money, property, and/or value of their Almond Beverages.

64.    Defendant was under a duty to Plaintiff and Class Members to disclose the true and actual nature of the Almond Beverages' ingredients because:

a.    Defendant was in a superior position to know the true state of facts about the ingredients in the Almond Beverages;

b.    Plaintiff and Class Members could not reasonably have been expected to learn or discover the true nature of the ingredients in the Almond Beverages at the time of purchase and thereafter; and

c.    Defendant knew that Plaintiff and Class Members could not reasonably have been expected to learn of or discover the true nature of the Almond Beverages' ingredients as compared to dairy milk.

65.    In failing to disclose and misrepresenting the true nature and contents of the Almond Beverages, Defendant knowingly and intentionally concealed material facts and breached its duty not to do so.

66.    The facts Defendant concealed from or misrepresented to Plaintiff and Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the Almond Beverages or pay less. If Plaintiff and Class Members had known that the Almond Beverages were nutritionally inferior, or contained less essential vitamins and nutrients, as dairy milk, they would not have purchased the Almond

Beverages or would have paid less for them.

67.    Plaintiff and Class Members are reasonable consumers who expect manufacturers, like TopCo, to provide accurate and truthful representations regarding the nutritional quantities and dietary benefits contained in their products, especially as compared to those present in dairy milk, which Defendant's Almond Beverages attempt to replace.  Further, reasonable consumers, like Plaintiff, rely on the representations made by manufacturers regarding products' ingredients in determining whether to purchase the particular products and consider that information important to their purchase decision.

68.    As a direct and proximate result of Defendant's unfair methods of competition and/or unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

69.    Plaintiff and the Class are entitled to equitable relief.

70.    Plaintiff provided Defendant with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a).  If Defendant fails to provide appropriate relief for its violations of the CLRA within 30 days, Plaintiff will seek monetary, compensatory, and punitive damages, in addition to injunctive and equitable relief.

## SECOND CAUSE OF ACTION

**(Violation of California Business & Professions Code § 17500 *et seq.*)**

71.    Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

72.    Plaintiff brings this cause of action on behalf of herself and on behalf of the Nationwide Class, or in the alternative, on behalf of the California Sub-Class.

73.    California Business & Professions Code § 17500 prohibits unfair, deceptive, untrue, and misleading advertising in connection with the disposal of personal property (among other things), including, without limitation, false

1    statements as to the use, worth, benefits, or characteristics of the property.

2        74.    Defendant has committed acts of untrue and misleading advertising

3    by engaging in false representations as to the essential vitamins and nutrients

4    contained in its Almond Beverages.  In addition, Defendant made such untrue or

5    misleading advertisements with the intent to dispose of said merchandise.

6        75.    TopCo knew, or in the exercise of reasonable care should have

7    known, that these representations were misleading and deceptive.

8        76.    Defendant's misleading representations and omissions regarding its

9    Almond Beverages was, and continues to be, likely to deceive members of the

10   public.

11       77.    As a result of their reliance on Defendant's misrepresentations and

12   omissions, Class Members suffered an ascertainable loss of money, property,

13   and/or value of their Almond Beverages.

14       78.    As a direct and proximate result of Defendant's unfair and deceptive

15   practices, Plaintiff and the Class have suffered and will continue to suffer actual

16   damages.

17       79.    TopCo has been unjustly enriched and should be required to make

18   restitution to Plaintiff and the Class.  Pursuant to § 17535 of the Business &

19   Professions Code, Plaintiff and Class Members are entitled to an order of this

20   Court enjoining such future conduct on the part of TopCo, and such other orders

21   and judgments which may be necessary to disgorge TopCo's ill-gotten gains and

22   restore to any person in interest any money paid for its Almond Beverages as a

23   result of the wrongful conduct of TopCo.

24                    **THIRD CAUSE OF ACTION**

25    **(Violation of California Business & Professions Code § 17200 *et seq.*)**

26       80.    Plaintiff incorporates by reference the allegations contained in each

27   and every paragraph of this Complaint.

28       81.    Plaintiff brings this cause of action on behalf of herself and on

behalf of the Nationwide Class, or in the alternative, on behalf of himself and on behalf of the California Sub-Class.

82.    As a result of their reliance on Defendant's misrepresentations and omissions, Class Members suffered an ascertainable loss of money, property, and/or value of their Almond Beverages.

83.    California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

84.    Plaintiff and Class Members are reasonable consumers who expect manufacturers, like TopCo, to provide accurate and truthful representations regarding the nutritional quantities and dietary benefits contained in their products, especially as compared to those present in dairy milk, which Defendant's Almond Beverages attempt to replace.  Further, reasonable consumers, like Plaintiff, rely on the representations made by manufacturers regarding products' ingredients in determining whether to purchase the particular products and consider that information important to their purchase decision.

85.    In failing to disclose and actively misrepresenting the actual nutritional composition of the Almond Beverages in relation to dairy milk, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

86.    Defendant was under a duty to Plaintiff and Class Members to disclose the actual nutritional composition of the Almond Beverages in relation to dairy milk, and other omitted or misrepresented facts alleged herein, because:

a)    Defendant was in a superior position to know the true nutritional composition of the Almond Beverages as compared to dairy milk;

b)    Defendant made partial representations about nutritional composition of the Almond Beverages without revealing the material information needed to determine whether to purchase; and

1        c)     Defendant actively concealed the true nutritional composition of the

2              Almond Beverages from Plaintiff and the Class.

3        87.     The facts Defendant concealed from or misrepresented to Plaintiff

4 and Class Members are material in that a reasonable consumer would have

5 considered them to be important in deciding whether to purchase the Almond

6 Beverages or pay less.  If Plaintiff and Class Members had known that the

7 Almond Beverages were nutritionally inferior, or contained less essential

8 vitamins and nutrients, as dairy milk, they would not have purchased the Almond

9 Beverages or would have paid less for them.

10       88.     Defendant's conduct was and is likely to deceive consumers.

11       89.     Defendant's acts, conduct and practices were unlawful, in that they

12 constituted:

13                a.  Violations of California's Consumers Legal Remedies

14                   Act;

15                b.  Violations of California's False Advertising Law;

16                c.  Violations of California's Sherman Law; and

17                d.  Violations of the Federal Food Drug & Cosmetic Act;

18       90.     By its conduct, Defendant has engaged in unfair competition and

19 unlawful, unfair, and fraudulent business practices.

20       91.     Defendant's unfair or deceptive acts or practices occurred

21 repeatedly in Defendant's trade or business, and were capable of deceiving a

22 substantial portion of the purchasing public.

23       92.     As a direct and proximate result of Defendant's unfair and deceptive

24 practices, Plaintiff and the Class have suffered and will continue to suffer actual

25 damages.

26       93.     Defendant has been unjustly enriched and should be required to

27 make restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the

28 Business & Professions Code.

CLASS ACTION COMPLAINT

# **PRAYER FOR RELIEF**

94.    Plaintiff, on behalf of herself, and all others similarly situated, requests the Court to enter judgment against Defendant, as follows:

    a.    An order certifying the proposed Class and Sub-Classes, designating Plaintiff as named representative of the Class, and designating the undersigned as Class Counsel;

    b.    An order enjoining Defendant from further deceptive advertising, sales, and other business practices with respect to its representations regarding the Almond Beverages;

    c.    An injunction:

        i.    Ordering Defendant to revise its Almond Beverages' labels to state, in type of uniform size and prominence, the word "imitation" and, immediately thereafter, milk; or

        ii.    Ordering Defendant to revise its Almond Beverages' labels to state the percentages of characterizing ingredients or information concerning the presence or absence of the ingredients as part of the common or usual name of milk; or

        iii.    Ordering Defendant to fortify its Almond Beverages with vitamins and nutrients in an amount equal to or greater than the amount of essential vitamins and nutrients present in dairy milk in measurable amounts; or

        iv.    Ordering Defendant to cease utilizing the common or usual name "milk" in the statement of identity of its Almond Beverages.

    d.    A declaration requiring Defendant to comply with the various

provisions of the Federal Food Drug & Cosmetic Act, California's Sherman Law, California's False Advertising Law and CLRA alleged herein and to make all the required representations;

e. A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of its Almond Beverages, or make full restitution to Plaintiff and Class Members;

f. An award of attorneys' fees and costs, as allowed by law;

g. An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

h. An award of pre-judgment and post-judgment interest, as provided by law;

i. Leave to amend the Complaint to conform to the evidence produced at trial; and

j. Such other relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

95. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable.

Dated: March 13, 2017              Respectfully submitted,

Capstone Law APC


By: /s/ Lee A. Cirsch
Lee A. Cirsch
Robert K. Friedl
Trisha K. Monesi

Attorneys for Plaintiff Melissa Cuevas

# EXHIBIT 1

# DECLARATION OF MELISSA CUEVAS

I, MELISSA CUEVAS, declare under penalty of perjury as follows:

1.    I make this declaration based upon my personal knowledge except as to those matters stated herein that are based upon information and belief, and as to those matters I believe them to be true.  I am over the age of eighteen, a citizen of the State of California, and a Plaintiff in this action.

2.    Pursuant to California Civil Code section 1780(d), this Declaration is submitted in support of Plaintiff's Selection of Venue for the Trial of Plaintiff's Cause of Action alleging violation of California's Consumers Legal Remedies Act.

3.    I reside in Colton, California, which is in the County of San Bernardino.  I purchased Full Circle Organic Original "Almond Milk" that is the subject of this lawsuit in the County of Los Angeles.

4.    I am informed and believe that Defendant TOPCO ASSOCIATES, LLC ("Defendant") is a Delaware limited liability corporation, organized and existing under the laws of the State of Delaware, and registered to conduct business in California.  On information and belief, Defendant conducts business in San Bernardino County.

//
//
//
//
//
//
//
//
//
//

DECL. OF MELISSA CUEVAS IN SUPPORT OF PLAINTIFF'S SELECTION OF VENUE FOR TRIAL

5.     Based on the facts set forth herein, this Court is a proper venue for the prosecution of Plaintiff's Cause of Action alleging violation of California's Consumers Legal Remedies Act because Defendant conducts business, including the advertising, distribution, and sales of its Almond Beverages throughout San Bernardino County, and a substantial portion of the events giving rise to my claims occurred here.

6.     I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on March _11_, 2017 in Colton, California.



Melissa Cuevas

Melissa Cuevas

DECL. OF MELISSA CUEVAS IN SUPPORT OF PLAINTIFF'S SELECTION OF VENUE FOR TRIAL